UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BAOLIANG ZHANG, | Case No. 2:24-cv-1990-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF STATE HOSPITALS, | |
| Defendant. | |

Plaintiff, a former mental patient in the California state hospital system, brings this action against the California Department of State Hospitals ("CDSH") and alleges various violations of his rights related to incidents occurring between 2012 and 2020. ECF No. 1 at 2. His complaint is noncompliant with Rule 8 of the Federal Rules of Civil Procedure. Additionally, insofar as the complaint appears to raise claims against defendants other than CDSH, it improperly contains multiple, unrelated claims against more than one defendant. I will dismiss the complaint and give plaintiff leave to amend so that he may address these deficiencies. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, and his motion for ruling on the same, ECF No. 4.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, during three separate periods of confinement in the state hospital system, his rights were violated in various ways. ECF No. 1 at 2. These periods range from 2012 to 2020 and plaintiff's lengthy complaint implicates numerous defendants, despite naming only

CDSH in the caption of the complaint. The lengthy complaint, which runs to thirty pages excluding exhibits and fails to organize the various claims in any discernable manner, does not contain a short and plain statement of the claims. Federal Rule of Civil Procedure 8(a)(2). Additionally, given that plaintiff accuses numerous state officials of wrongdoing in the body of the complaint, and these claims stem from events ranging in date from 2012 to 2020, he appears to have joined multiple, unrelated claims against more than one defendant in violation of Rule 20 of the Federal Rules of Civil Procedure. "Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, violations arising in 2012 are distinct 'occurrences' from others arising nearly a decade later in 2020. Pursuing them in the same action would be logistically untenable, akin to litigating two separate cases in one. Finally, I note that, insofar as plaintiff requests monetary damages, ECF No. 1 at 30, sovereign immunity prevents collecting such damages from CDSH. *See Chandler v. Cal. Dep't of Corr. & Rehabs.*, No. 1:21-cv-01657-JLT-HBK, 2024 U.S. Dist. LEXIS 87164, 2024 WL 2153890, at *10 (E.D. Cal. May 14, 2024) ("As a state agency, it is a long-established principle that the California Department of Corrections and Rehabilitation is immune from suit in federal court under the Eleventh Amendment.").

I will dismiss plaintiff's complaint. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint, ECF No. 1, is dismissed.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

6. Plaintiff's request for ruling, ECF No. 4, is granted

IT IS SO ORDERED.

Dated: November 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4