1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

JEFF BAOLIANG ZHANG,

Case No.  2:24-cv-1990-DC-JDP (P)

12

Plaintiff,

13

v.

ORDER

14

CALIFORNIA DEPARTMENT OF
STATE HOSPITALS,

15
16

Defendant.

17
18         Plaintiff, a former mental health patient in the California state hospital system, brings this

19   action against the California Department of State Hospitals ("CDSH") and, as in his initial

20   complaint, alleges various violations of his rights related to incidents occurring between 2012 and

21   2020.  ECF No. 7 at 2.  As with his initial pleading, the first amended complaint is noncompliant

22   with Rule 8 because it does not plainly identify either the exact number of defendants or how

23   each was personally involved in the alleged violation of plaintiff's rights.  Additionally, the

24   amended complaint persists in joining multiple, unrelated claims against more than one

25   defendant.  For these reasons, I will dismiss the complaint without prejudice.  Plaintiff shall have

26   one final opportunity to amend and remedy these deficiencies, if he can.

27                              **Screening Order**

28   **I.       Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As before, plaintiff alleges that, during three separate periods of confinement in the state hospital system, his rights were violated in various ways. ECF No. 7 at 2. The relevant periods of time range from 2012 to 2020 and involve numerous defendants, both named and unnamed. As I explained in my previous screening order, claims arising from 2012 cannot be joined with claims arising nearly a decade later if the claims implicate more than one defendant. "Persons . . .

2

may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Pursuing such temporally distinct claims in the same action would effectively amount to litigating two cases in one.

Additionally, the lengthy complaint lacks the organization necessary to provide a short and plain statement of the claims against each defendant, as required by Federal Rule of Civil Procedure 8(a)(2). Absent some coherent organization or, at the very least, a definite list of defendants, it is difficult to tell how many separate claims are at issue.

Finally, I reiterate that plaintiff's requests monetary damages against the CDSH are precluded by sovereign immunity. *See Chandler v. Cal. Dep't of Corr. & Rehabs.*, No. 1:21-cv-01657-JLT-HBK, 2024 U.S. Dist. LEXIS 87164, 2024 WL 2153890, at *10 (E.D. Cal. May 14, 2024) ("As a state agency, it is a long-established principle that the California Department of Corrections and Rehabilitation is immune from suit in federal court under the Eleventh Amendment.").

I will dismiss plaintiff's complaint with leave to amend. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 7, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    April 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE