UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BAOLIANG ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF STATE HOSPITALS,<br><br>Defendant. | Case No. 2:24-cv-1990-DC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former mental patient in the California state hospital system, brings this action against the California Department of State Hospitals and various other defendants, both named and unnamed. He alleges various violations of his rights related to incidents occurring between 2012 and 2020. ECF No. 11 at 2. The second amended complaint, like its predecessors, is noncompliant with Rule 8 because it does not plainly identify the exact number of defendants or how each was personally involved in the alleged violation of plaintiff's rights. Additionally, the amended complaint persists in joining multiple, unrelated claims against more than one defendant. And at least some of the allegations are time-barred. Finally, all of plaintiff's claims appear to stem from the apparently fanciful belief that the Chinese Communist Party ("CCP") has targeted him for harassment and death. Accordingly, I recommend that the complaint be dismissed without leave to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

As before, plaintiff alleges that, during three separate periods of confinement in the state hospital system (April 2012 to February 2013, May 2013 to January 2014, and June 19 to July 2020), his rights were violated in various ways. ECF No. 11 at 2. The first two periods are

outside the statute of limitations. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint.") (internal quotation marks and citations omitted). This case was filed in July 2024, and the statute of limitations for sections 1983 actions tracks the state limitations period for tort claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California, the statute of limitations for a section 1983 or section 1985 claim is two years. *See* Cal. Code Civ. Proc. § 335.1. It appears that even the later claims, stemming from 2020, are untimely.

      Even if certain of plaintiff's claims are timely, however, they are otherwise non-compliant with federal pleading standards. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) ("[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction."). The complaint fails to give any named defendant sufficient notice of the claims against them. Many claims simply refer to the defendants in aggregate and fail to explain how each allegedly violated plaintiff's rights. For instance, plaintiff claims that "[d]efendants viciously brought intentional tort to plaintiff in their mental hospitals. Defendants raped my mental case which brought immense harm to plaintiff under the will of the Chinese communist regime." ECF No. 11 at 3. Elsewhere, he alleges that "in 2012 and in 2013, [d]efendant staffers, especially the four rascal medical staff, Edwin Peng, Rubin Co, Flavor Jorge, and Dau Van Nguyen deprived plaintiff of the constitutional rights for a speedy trial by jury . . . ." *Id.* at 13. Plaintiff does not explain how these defendants collectively denied him a speedy trial or how each violated his rights individually in connection therewith. The complaint is replete with similar vague allegations against groups of defendants, both named and unnamed.

      Additionally, while not a basis to dismiss by itself, plaintiff has persisted in including multiple, unrelated claims across each of his complaints. He brings claims related to three time periods in state hospitals, claims regarding an allegedly wrongful arrest, and claims attacking the validity of a criminal conviction. *Id.* at 2-3, 6, 8. "Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

1  alternative with respect to or arising out of the same transaction, occurrence, or series of
2  transactions or occurrences; and (B) any question of law or fact common to all defendants will
3  arise in the action." Fed. R. Civ. P. 20(a)(2).  Plaintiff was advised of this deficiency in my prior
4  screening orders but has taken no steps to address it.

5  Finally, the basis of plaintiff's claims—that the CCP has enlisted various entities to harm
6  him—appears to be fanciful.  For instance, plaintiff alleges that he was "cheated and oppressed"
7  by a "street gang" within the Los Angeles Police Department and by "rascal attorneys" in the Los
8  Angeles County Public Defender's Office, all of whom allegedly worked at the behest of the
9  CCP. *Id.* at 8.  Plaintiff claims that "[d]efendants, following the will of the Chinese communist
10 regime, forced mentally healthy and innocent plaintiff to be kept at their mental hospitals to
11 receive torture at different times." *Id.* at 9.  Such claims, which have no basis in reality, are
12 frivolous and subject to dismissal on that basis. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

13 All of the foregoing reasons militate in favor of dismissing the second amended
14 complaint.  And, given that plaintiff has already had two opportunities to amend and is no closer
15 to stating any viable claim, I recommend that this action be dismissed without leave to amend.
16 *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The
17 district court's discretion to deny leave to amend is particularly broad where plaintiff has
18 previously amended the complaint.").

19 Accordingly, it is ORDERED that, in light of these recommendations, plaintiff's motion
20 for appointment of counsel, ECF No. 12, is DENIED without prejudice.  He may renew the
21 motion if these recommendations are not adopted.

22 Further, it is RECOMMENDED that the second amended complaint, ECF No. 11, be
23 DISMISSED without leave to amend for failure to state a cognizable claim.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
26 service of these findings and recommendations, any party may file written objections with the
27 court and serve a copy on all parties.  Any such document should be captioned "Objections to
28 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE