UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF BAOLIANG ZHANG,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
STATE HOSPITALS,

Defendant.

Case No.  2:24-cv-1990-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff brought this § 1983 action against numerous defendants alleging violations of his rights arising from his time in the state hospital system.  In screening his claims, I found that the complaint was non-complaint with Rule 8; impermissibly joined multiple, unrelated claims against more than one defendant; and raised borderline fanciful allegations that the Chinese Communist Party was behind his alleged mistreatment.  After offering plaintiff multiple opportunities to amend, I recommended that this action be dismissed without leave to amend on August 18, 2025.  ECF No. 13.  The district judge adopted those recommendations on January 5, 2026. ECF No. 17.  On January 16, 2026, plaintiff filed a motion for reconsideration.  ECF No. 19.  After reviewing it, I recommend that it be denied.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah County v. AC & S, Inc.*,

1

5 F.3d 1255, 1263 (9th Cir. 1993). Here, plaintiff has failed to show that any of the foregoing elements are met. And his motion contains many of the same defects that afflicted his complaints. He claims that to "deny [his] case" is "illegal and unconstitutional," but his convoluted arguments do not adequately explain his reasoning. ECF No. 19 at 1. Additionally, he alleges that his disparate claims are related because "Chinese communist agents and their American accomplices" were behind all the harm that was allegedly done to him. *Id.* at 7. As I previously explained, such assertions border on the fanciful. Finally, reconsideration is not available where, as appears to be the case here, the movant simply disagrees with a ruling. *See United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. Mar. 13, 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision.") (internal quotation marks and citations omitted).

Accordingly, it is RECOMMENDED that plaintiff's motion for reconsideration, ECF No. 19, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 5, 2026

_____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2